Per Curiam.
This is an appeal from the Superior Court of Chancery. By the bill it seems that Yeizer, a citizen of Mississippi, had many dealings, during the years 1835 and 1836, with the appellees, who were commission merchants of New Orleans. Yeizer -was in the habit of shipping them cotton, and drawing bills on them. In 1836, Burke, Watt & Co. exhibited an account current, showing a balance against Yeizer of $2235, which was in part produced by charging ten per cent interest, and also by charging him two and a half per cent for advancing money, and a like commission for accepting his bills. The account current shows charges and credits amounting to hear eighteen thousand dollars. For the balance due, Yeizer executed his note payable on the first of March, 1837, bearing ten per cent interest. On this note the appellees attached property of the appellant in New Orleans, to release which Yeizer gave a bond with sureties, for the sum of $2425.25, being the amount of principal and interest due on the first note ; which bond was also made payable in New Orleans. On this bond suit was brought in the Circuit Court of Warren county. Yeizer. employed an attorney to defend it, on whom he relied, and did not think it necessary to attend the Court, as the defence was apparent froimthe papers. The attorney was absent from Court at the time of trial *452 in consequence óf sickness. By an inspection of the record of judgment, which is an exhibit, it seems that the defendants demurred to the declaration, the demurrer having to it the names of two attornies. The demurrer was overruled, and the defendants failing to plead, a default was taken. An execution issued on the judgment, which was returned stayed by order of the plaintiff’s attorney. Another execution issued, which was levied, and a forthcoming bond given and forfeited; and thereupon another execution issued, to enjoin which this bill was filed.
The appellees first demurred to the bill, but the demurrer was overruled, and they answered, averring the fairness of the whole transaction throughout, and expressing a willingness to have it fully investigated. They admit the charge of ten per cent interest, and say that it was legal conventional interest in Louisiana where the debt was contracted and made payable. They also exhibit two letters from Yeizer, bearing date the 14th and 26th of December, 1837, in which he expressed a determination to pay the note, and requested that it should be forwarded to an agent in Vicksburg, and that he would pay it there. After answer, a motion to dissolve the injunction was sustained, and an appeal ppayed.
The first objection raised on the part of the appellants is, that the injunction was improperly dissolved, because the answer was not filed within the time allowed by the Court' for that purpose when¿ the demurrer was overruled. This objection seems to come too late. By the rules of the Chancery C.ourt, a defendant must answer within the time allowed, and if he fail to do so, the bill may be taken for confessed. Rules, page 6, sec. 3. This course should have been taken, or a motion should have been made to take it from the file. Then the question would have been properly raised in the Court below, but it is too late to raise such an objection, for the first time, after the case has been disposed of on the answer in the Court below.
Another objection is, that the affidavits to the truth of the answers were not signed by the respondents; hence it is assumed that the answers were not legally sworn to, and therefore were not answers. This too is an objection which should have been raised in the Court below. If the Chancellor chose to dispense with his rule, *453 and consider of the merits of the case, on an answer not exactly conforming to his rule in one particular, we cannot on that account say that his decree on the merits was erroneous. Independently of the rule, we should say the affidavits were sufficient. A competent officer certifies that the parties appeared before him, and made oath that the facts, matters and things stated in the answer, which was signed by them, were true. But even if they were not legally sworn to, it was competent for the party .to waive this objection; and’permitting the case to be disposed of on the merits, was equivalent to a waiver.
On the merits the case is equally clear. The bill was filed with a "view to relief from a usurious transaction, after a judgment at law. In the case of JWcRaven v. Forbes, 6 Howard, 569, it was held that usury was a defence cognizable at law, and relief in chancery was refused after judgment at law. The great delay which occurred in this case must operate against the right to relief, even if under different circumstances it would be proper to give it. The .complainant compromised a suit in New Orleans, where the defence might have been’made with great propriety, as the note was payable there. He had also an opportunity to defend the second suit in this State, but did not even plead usury. He demurred to the declaa-ation and failed to plead over. True, he.alleges that the attorney he employed was absent from indisposition. The demurrer is signed by two attorñies, and the other may have been present, and the party himself should have been present. After judgment he gave a forthcoming bond, and did not come to chancery for relief until pressed by the execution on the bond. Under these cir-' •cumstances, we think the demurrer to the bill ought to have been sustained.
But the answers explain away the only ground of relief laid in the bill. The notes, although made in this State, were, payable in Louisiana. The respondents were therefore entitled to the rate of interest allowed in Louisiana. The debt in fact was created there. They deny that they have charged more than is allowed by the laws of that State ; so that the charge of usury is denied ; and the decree was right.
Decree of the Chancellor affirmed.